IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMOTHY E. HATCHETT          :

   Plaintiff                :

      v.              :        Civil Action No. DKC-09-126

SERGEANT SIRES, *et al.*     :

   Defendant                :

o0o

## MEMORANDUM OPINION

Pending is Defendants Sires and Phillips' Motion to Dismiss or for Summary Judgment. Paper No. 37. Defendant Huebner filed a response to Plaintiff's Motion for Default Judgment and urges the court to dismiss all claims against her.[1] Paper No. 34. Plaintiff has responded to both motions. Paper No. 35 and 41.

### Background

On March 10, 2009, the court issued a Memorandum Opinion and Order dismissing all claims with the exception of claims that Plaintiff was denied access to legal transcripts on audio tapes and denied access to the law library. Papers No. 10 and 11.

Plaintiff claims Sergeant Sires, who is in charge of inmate property at North Branch Correctional Institution (NBCI), required him to mail two cassette tapes to an outside address because they were not commercially prepared and thus are not allowed at NBCI. Plaintiff told Sires that the tapes contained his criminal trial transcripts, but he was not permitted to keep them. Although Plaintiff maintains he needs the taped criminal transcript, the only pending court proceeding mentioned by Plaintiff was one in Baltimore City Circuit Court concerning his files from the Public Defender's Office. Paper No. 1. Nevertheless, Plaintiff states he must be

---

[1] Plaintiff's Motion for Default Judgment against Defendant Huebner shall be denied as service of process was never properly accepted on her behalf. Paper No. 24.

permitted to keep the audio tapes of his criminal trial transcript in order to insure his right of access to courts.

Plaintiff further alleges that on January 27, 2009, he was not permitted to use the law library even though he was issued a pass to do so. He explains that a number of inmates showed up to use the library and Huebner told Phillips to let in only 13 inmates. Plaintiff claims Phillips counted 13 inmates, skipped him when counting and sent Plaintiff, along with others, back to his cell.

## Standard of Review

### Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the Plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The Supreme Court recently articulated the proper framework for analysis:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1 (2002); *Neitzke v.*

2

>  *Williams*, 490 U.S. 319, 327(1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 – 56 (2007) (footnotes omitted.). This standard does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 561. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 1969. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Summary Judgment

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *Celotex*, 477 U.S. at 322-23. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, the Supreme Court explained that, in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 477 U.S. at 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla"of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment. *See Anderson*, 477 U.S. at 252.

This court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted). Indeed, this court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humpreys Co*., 818 F.2d 1126, 1128 (4th Cir. 1987)).

**Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations.

"[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 681 (4th Cir. 2005). Defendants Sires and Phillips have raised the affirmative defense, alleging that Plaintiff has failed to file any administrative remedy procedure requests (ARP) regarding the cassette tapes or the allegations against Phillips. Paper No. 37 at p. 10. Plaintiff claims he submits ARPs but they are refused for processing. Paper No. 41. He submits an affidavit written by a fellow inmate which attests to misdirection of submitted ARPs by staff at NBCI. *Id*. This court finds there is a genuine dispute of material fact regarding administrative exhaustion and will address the merits of Plaintiff's claims.

**Analysis**

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), *quoting Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349.

Plaintiff's pending Baltimore City Circuit Court case concerned retrieval of his files from the Office of the Public Defender. The files he sought were destroyed pursuant to office policy requiring destruction after 12 years. He claims his requests for his files were made "in sufficient time" and cites the destruction as cause for this court to intervene on his behalf with respect to the cassette tapes. Paper No. 41 at p. 1. He admits that he has a copy of his transcript in paper format, but contends that the cassette tapes remain valuable because "everything said is not always heard, so my transcript is a part of the tape counterpart." *Id*. at pp. 8 and 9. While

Plaintiff goes to great lengths to describe the reasons why his property should not be mailed to an outside party, he does not explain what legal action is impaired by the confiscation of the cassette tapes.  Undisputed is the fact that Plaintiff has access to the same information in printed form.  He has thus failed to establish an actual injury flowing from the confiscation of the cassette tapes.  Defendants are entitled to summary judgment on this claim.

With respect to Plaintiff's claim against Defendant Huebner, the librarian who allegedly would not allow his entrance into the law library, the claim must be dismissed.  Huebner was never properly served, but even if she had been the claim against her would fail.  A one time refusal to allow Plaintiff's use of the law library with no actual injury resulting therefrom is not an unconstitutional burden on the right of access to the courts.  Plaintiff's claim against Phillips is likewise defective, as the right of access to courts does not equate to unfettered access to the prison law library. Plaintiff admits he is allowed to go to the law library, albeit not as frequently as he would like.  Paper No. 41 at p. 6.  To the extent Plaintiff's access to legal materials is limited by the circumstance of his incarceration, that limitation is not unconstitutional.  Thus, Huebner's Motion to Dismiss shall be granted.

Accordingly, by separate Order which follows, Defendants' Motion for Summary Judgment shall be granted and Defendant Huebner's Motion to Dismiss shall be granted.


Date:  <u>January 20, 2010</u>                         _____/s/_____
                                                                              DEBORAH K. CHASANOW
                                                                              United States District Judge